IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL SCOTT FLAKES,

                Plaintiff

v.

EDWARD F. WALL, *et al.*,

                Defendants.

OPINION AND ORDER

16-cv-836-slc

---

In Case Number 15-cv-245, I granted *pro se* plaintiff Joel Scott Flakes leave to proceed on claims that prison staff at Stanley Correctional Institution (SCI) had violated his Eighth and Fourteenth Amendment rights in 2014 by discriminating against Flakes because of his sexual orientation and by revealing his sexual orientation to other inmates, thereby disregarding the serious risk of harm Flakes faced by being outed. *See Flakes v. Wall*, No. 3:15-cv-245-slc, dkt. 10 (W.D. Wis. March 10, 2016). On August 18, 2016, I dismissed that lawsuit because Flakes had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. This dismissal was without prejudice, and I stated that "[i]f the conduct of which plaintiff is complaining is still occurring, then it would not be too late for plaintiff to seek redress from the institution by filing an inmate complaint (or complaints) clearly identifying the issue(s)." *Id.*, dkt. 29, at 11.

Now Flakes has filed a new complaint, and on December 29, 2016, the parties consented to my jurisdiction. On January 23, 2017, the court received Flakes' initial partial filing fee, so this matter is ready for screening pursuant to 42 U.S.C. § 1915A. Because Flakes is seeking relief in this lawsuit only on the claims described in his complaint in Case. No. 3:15-cv-245-slc, and not for any subsequent or ongoing conduct, Flakes may not proceed with his claims due to his failure to properly exhaust them.

OPINION

Flakes focuses his new complaint on his argument that the grievance process was unavailable to him with respect to the claim that I dismissed in Case No. 15-cv-254. Flakes has not added any new facts related to his discrimination or deliberate indifference claims, and nothing in his complaint suggests that this conduct is ongoing. Although Flakes includes the statement that the policy he is challenging with respect to how he is treated as a homosexual still is in effect (dkt. 1, at 11), he does not include any specific allegations of wrongdoing by any of the defendants that have taken place since 2014, nor has Flakes alleged any facts suggesting that the conduct actually is ongoing.

Instead, Flakes alleges that, following this court's August 2016 order, he resubmitted his original complaints to SCI's deputy warden, who wrote him a letter directing him to file a formal grievance using the inmate complaint review system (ICRS). Flakes alleges that he re-filed an inmate complaint, but on September 28, 2016, an inmate complaint examiner (ICE) rejected it. Unfortunately for Flakes, his failure to exhaust his 2014 claims continues to be fatal to his Eighth and Fourteenth Amendment claims arising from the 2014 incidents.

Let's break this out a bit: the Prison Litigation Reform Act requires all inmates to exhaust all available administrative remedies on their claims before bringing these claims in a federal lawsuit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This exhaustion requirement "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and it requires a prisoner-plaintiff to "properly take each step within the administrative process . . . in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir.

2005). If a prisoner does not exhaust all available remedies, then the court must dismiss his lawsuit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

Flakes does not dispute that he was required to follow the exhaustion requirements of the inmate complaint review system ("ICRS") that is set forth in Wis. Admin. Code § DOC 310. What Flakes is claiming is that the ICRS simply was not available for him to use. Flakes is incorrect. In my August 18, 2016 order granting defendants' motion for summary judgment in Case No. 15-cv-245, I specifically analyzed whether the administrative procedures of the ICRS had been available to Flakes on his claims, and I concluded that they had. *See Flakes*, 15-cv-245, dkt. 29 at 8-9 (W.D. Wis. Aug. 19, 2016). Indeed, I reviewed the procedural posture of Flakes' November and December 2014 inmate complaints and concluded that Flakes had not followed the ICRS policy requiring an inmate complaint to contain only one issue that is clearly identified. Wis. Admin. Code § DOC 310.09(1)(e). I specifically concluded that Flakes's complaints included many different allegations that were vague and that did not describe how Flakes was being discriminated against. *Id.* In other words, Flakes's failure to exhaust his administrative remedies was caused by Flakes' failure to follow the required procedures, not by the unavailability of ICRS procedures. Flakes never sought reconsideration of my conclusions on this issue, and his allegations in his new complaint do not lead me to believe that those conclusion omitted any material facts or otherwise were wrong. As Flakes has not alleged anything new in this complaint, he has not exhausted.

Ordinarily, a prisoner's failure to exhaust his administrative remedies is an affirmative defense that must be proven by the defendants, *Jones v. Bock*, 549 U.S. 199, 212 (2007), but a district court may raise an affirmative defense on its own if it is clear from the face of the

complaint and any documents attached to it that the defense applies. *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). In this case, it is clear from Flakes's allegations that he did not comply with § 1997e(a). Accordingly, I am dismissing this case because Flakes has failed to exhaust his administrative remedies. In accordance with *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), the dismissal is without prejudice.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies prior to filing suit.

Entered this 14th day of April, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge