IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOEL SCOTT FLAKES,

    Plaintiff

v.

EDWARD F. WALL, *et al.*,

    Defendants.

OPINION AND ORDER

16-cv-836-slc

*Pro se* plaintiff filed his lawsuit against the prison staff at Stanley Correctional Institution, claiming that they violated his constitutional rights by discriminating against him and revealing his sexual orientation, thus subjecting him to a risk of serious harm. On April 14, 2017, I dismissed this case because Flakes failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. In that order, I acknowledged that when I dismissed his other lawsuit bringing the same claims, *Flakes v. Wall*, No. 3:15-cv-245-slc (W.D. Wis. March 10, 2016), for his failure exhaust his administrative remedies, I added that "[i]f the conduct of which plaintiff is complaining is still occurring, then it would not be too late for plaintiff to seek redress from the institution by filing an inmate complaint (or complaints) clearly identifying the issue(s)." *Id.*, dkt. 29, at 11. I concluded, however, after reviewing his complaint in this lawsuit, that dismissal was appropriate it because Flakes sought relief *only* on the claims described in his complaint in Case. No. 3:15-cv-245-slc, and not for any subsequent or ongoing conduct. Flakes now seeks reconsideration of that order, dkt. 13. I am denying reconsideration.

OPINION

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment.

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. . . . The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted).

Therefore, "[t]o prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Both pending motions for reconsideration rely on the first option, but "[a] manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted).

In dismissing Flakes' complaint, I concluded that he had not included any additional facts related to his discrimination or deliberate indifference claims, and that he did not include any specific allegations of wrongdoing by any of the defendants since 2014 suggesting that the conduct actually was ongoing. I reiterated the exhaustion requirement that I laid out in Case No. 15-cv-245, and concluded that because Flakes did not seek reconsideration of that decision or

submit anything in his new complaint that suggested that he had properly exhausted, he had no claim related to the 2014 incidents.

Flakes' motion for reconsideration accomplished nothing more. He does not allege anything that calls into question that my conclusion that he failed to exhaust the claims that he is trying to bring in this lawsuit. Instead, he insists that the grievances that he did file were sufficient to fulfill the exhaustion requirement. This isn't a new contention: I already have explained to Flakes that the grievances he filed in 2014 did not satisfy the exhaustion requirement. Accordingly, he has not pointed to any manifest factual or legal error that requires me to reconsider dismissing this lawsuit.

ORDER

IT IS ORDERED that Plaintiff Joel Flakes' Motion for Reconsideration, dkt. 13, is DENIED.

Entered this 29th day of September, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge